IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

    Plaintiff,

    v.

ANNA NGUYEN & DAN K. HUYNH, et al.

    Defendants.

No. 2:11-cv-2850 JAM KJN

ORDER AND ORDER TO SHOW CAUSE

Plaintiff Scott Johnson commenced this action under the Americans with Disabilities Act ("ADA") and other state statutes on October 27, 2011. (Dkt. No. 1.)[1] Thereafter, on June 28, 2012, the clerk entered the default of both defendants Dan K. Huynh[2] and Anna Nguyen. (Dkt. No. 13.) Pending before the undersigned is plaintiff's motion for default judgment against defendants, which was filed on October 26, 2012, and is presently set for hearing on January 17, 2013. (Dkt. Nos. 15, 16.)

////

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).

[2] Defendant Dan K. Huynh was named individually and d/b/a Dan's Electronics. (See First Amended Complaint, Dkt. No. 7 ["FAC"].)

1

1           After the filing of plaintiff's motion for default judgment, on December 7, 2012,
2   defendant Anna Nguyen appeared through counsel and filed an answer.  (Dkt. No. 17.)
3   However, defendant Anna Nguyen has not yet filed an opposition to plaintiff's motion for default
4   judgment or a motion to set aside the clerk's entry of default.  No appearance was made on
5   behalf of defendant Dan K. Huynh.  For the reasons discussed below, the court continues the
6   hearing on plaintiff's motion for default judgment and requires additional briefing/submissions
7   from the parties.
8           First, defendant Anna Nguyen shall clarify whether she intends to move to set
9   aside the clerk's entry of default against her, and if so, shall show cause why she has not yet
10  sought such relief or otherwise opposed plaintiff's motion for default judgment.
11          Second, assuming that defendant Anna Nguyen intends to seek an order setting
12  aside the entry of default against her, plaintiff shall clarify why such relief is not appropriate in
13  light of Ninth Circuit precedent holding that resolution of such a motion is necessarily informed
14  by the well-established policies favoring resolution of matters on the merits and generally
15  disfavoring default judgments.  See United States v. Signed Personal Check No. 730 of Yubran
16  S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (hereafter, "Mesle") ("Crucially, . . . judgment by
17  default is a drastic step appropriate only in extreme circumstances; a case should, whenever
18  possible, be decided on the merits") (citation and quotation marks omitted); Westchester Fire Ins.
19  Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009) ("As a general rule, default judgments are
20  disfavored; cases should be decided upon their merits whenever reasonably possible").
21  Moreover, a panel of the Ninth Circuit Court of Appeals recently recognized that the Court of
22  Appeals's "rules for determining when a default should be set aside are solicitous towards
23  movants, especially those whose actions leading to the default were taken without the benefit of
24  legal representation."  Mesle, 615 F.3d at 1089.
25          Third, in the event that the court sets aside the clerk's entry of default against
26  defendant Anna Nguyen, plaintiff must explain why it would not be more appropriate to defer

consideration of the motion for default judgment against the remaining defendant, Dan K. Huynh, until resolution of plaintiff's claims against defendant Anna Nguyen on the merits.

With respect to multi-defendant cases, Federal Rule of Civil Procedure 54(b) provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The Ninth Circuit Court of Appeals has characterized the Supreme Court's holding in Frow v. De La Vega, 82 U.S. 552 (1872), a leading case addressing the grant of default judgments in multi-defendant cases, as follows:

> The Court held in *Frow* that, where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants. It follows that if an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants.

Nelson v. Chang (In re First T.D. & Inv., Inc.), 253 F.3d 520, 532 (9th Cir. 2001) (internal citations and footnote omitted) (citing Frow, 82 U.S. at 554).[3] In In re First T.D. & Inv., Inc., the Ninth Circuit Court of Appeals followed the Eleventh Circuit Court of Appeals and extended the rule from Frow beyond jointly liable parties to parties that are "similarly situated," even if not jointly liable or jointly and severally liable. See 253 F.3d at 532; accord Wordtech Sys., Inc. v. Integrated Network Solutions, Corp., No. 2:04-cv-01971-MCE-EFB, 2009 WL 3246612, at *2 (E.D. Cal. Oct. 6, 2009) (unpublished) (observing that the rule from Frow "has been extended in cases even if the defendants are not jointly liable, as long as they are similarly situated").

In this case, both defendants are alleged to "own, operate, manage, lease (or lease to), the PUBLIC ACCOMMODATION and property." (FAC ¶ 3.) At a minimum, both defendants appear to be similarly situated with respect to the property at issue as property owners

---

[3] In Frow, the Court stated that "a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal." 82 U.S. at 554.

and/or operators. Consequently, there is a potentially significant risk of incongruous or inconsistent judgments if the court were to grant a default judgment against defendant Dan K. Huynh at this juncture, but defendant Anna Nguyen were potentially to prevail on the merits.

Accordingly, in light of the above, IT IS HEREBY ORDERED that:

1. The hearing on plaintiff's motion for default judgment is CONTINUED to February 14, 2013, at 10:00 a.m., in Courtroom No. 25 before the undersigned.

2. No later than January 24, 2013, defendant Anna Nguyen shall clarify whether she intends to move to set aside the clerk's entry of default against her, and if so, shall show cause why she has not yet sought such relief or otherwise opposed plaintiff's motion for default judgment. By that same deadline, defendant Anna Nguyen shall also file a brief in support of any request to set aside the clerk's entry of default against her and in opposition to plaintiff's motion for default judgment. *Failure to file the required response and brief shall constitute grounds, and defendant Anna Nguyen's consent, to strike her answer and entertain plaintiff's motion for default judgment against defendant Anna Nguyen.*

3. No later than January 31, 2013, in the event that defendant Anna Nguyen requests that the entry of default against her be set aside, plaintiff shall show cause why such relief would not appropriate in light of Ninth Circuit precedent, as outlined above, generally favoring resolution of matters on the merits. Additionally, plaintiff's response shall explain why it would not be more appropriate to defer a motion for default judgment against the remaining defendant, Dan K. Huynh, until resolution of plaintiff's claims against defendant Anna Nguyen on the merits, in the event that the court elects to set aside the entry of default against defendant Anna Nguyen.[4]

////

---

[4] In the alternative, plaintiff may file a statement of non-opposition to any request to set aside the entry of default and withdraw the motion for default judgment, subject to refiling at a later time if appropriate.

4

   IT IS SO ORDERED.

DATE:  January 8, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE